### JOHN J. O'ROURKE

#### *vs.*

### LEWISTON DAILY SUN PUBLISHING COMPANY.

#### Androscoggin    Opinion August 5, 1896.

*Libel.    Privileged Communications.    New Trial.*

In an action against a newspaper for a libel upon the plaintiff, who was a public officer and falsely charged with cruelty to an insane pauper, the following instructions *were held correct:*

" That the people of our towns and cities have a right to know how their municipal affairs are being conducted. and how the duties of their officers are being performed, and that it is one of the privileges of newspapers to give the people this information; and that, if the information so given is true, or, if the publishers believe it to be true, and have reasonable and probable cause for so believing, the law protects them; that the press must not be muzzled; that the public good requires that it be allowed to speak; and that all which the law requires of its editors and publishers is good faith, and an honest belief that their articles are true, and that such belief be founded on reasonable and probable grounds."

*Also;* that the right of trial by jury is guaranteed by the constitution. It is a right belonging to plaintiffs as well as defendants. And when the court is asked to set aside a verdict and grant a new trial, the rights of both parties must be considered. And in libel suits, the fact must not be overlooked that while our constitution guarantees the freedom of the press, and the right of every citizen to freely speak, write and publish his sentiments on any subject, it also guarantees redress to those who are injured by the abuse of this liberty.

A new trial will not be granted when a careful examination of the evidence, although voluminous and conflicting, fails to satisfy the court that the verdict can rightfully be set aside.

· ON MOTION BY DEFENDANT.

This was an action in which the plaintiff sought to recover damages resulting from the publication of certain libellous newspaper articles by the defendant. The articles in question, four in number, and published under dates of February 11th and 12th, 1895, charged the plaintiff, who was then superintendent of the city farm in Lewiston, with cruel and inhuman treatment toward an insane girl, an inmate of the farm, while she was being removed from the farm to the insane asylum at Augusta.

The defendant pleaded the general issue with a brief statement setting up justification in that it published the articles believing them to be true, as a fair and privileged criticism of the plaintiff's official acts towards said girl, while he was acting as a public servant of the city of Lewiston, and that the articles were in fact and in substance true. The verdict was for the plaintiff in the sum of $866.70 and the defendant filed a motion to have the verdict set aside.

The case appears in the opinion.

*F. L. Noble* and *R. W. Crockett*, for plaintiff.

*W. H. Newell* and *W. B. Skelton*, for defendant.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WISWELL, STROUT, JJ.

WALTON, J. The Lewiston Daily Sun accused Mr. John J. O'Rourke (then superintendent of the poor farm of the city of Lewiston) with cruelty to an insane pauper. Mr. O'Rourke brought a suit against the Sun Publishing Company for libel. The suit was defended by able and eloquent counsel, and the charge of the presiding justice was as favorable to the defense as the rules of law would allow.

The jury were instructed that the people of our towns and cities have a right to know how their municipal affairs are being con-

ducted, and how the duties of their officers are being performed, and that it is one of the privileges of newspapers to give the people this information; and that, if the information so given is true, or, if the publishers believe it to be true, and have reasonable and probable cause for so believing, the law protects them; that the press must not be muzzled; that the public good requires that it be allowed to speak; and that all which the law requires of its editors and publishers is good faith, and an honest belief that their articles are true and that such belief be founded on reasonable and probable grounds. And the jury were admonished that if they came to the question of damages, to exercise a cool, careful and unimpassioned judgment. And still, with these instructions for their guide, the jury returned a verdict for the plaintiff, and assessed his damages at $866.50.

Can the court rightfully set this verdict aside? The court feels compelled to answer this question in the negative. The right of trial by jury is guaranteed by the constitution. It is a right belonging to plaintiffs as well as defendants. And when the court is asked to set aside a verdict and grant a new trial, the rights of both parties must be considered. And in libel suits, the fact must not be overlooked that while our constitution guarantees the freedom of the press, and the right of every citizen to freely speak, write, and publish his sentiments on any subject, it also guarantees redress to those who are injured by the abuse of this liberty.

In the present case, the evidence is voluminous and conflicting, and we shall not attempt to analyze or review it. It is sufficient to say that a careful examination of it fails to satisfy the court that the verdict is one which can rightfully be set aside.

*Motion overruled.*